IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OSIRIS AARA I M HETEP HORUS DEY, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:11-0671 |
| ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| ) | |
| PEOPLES HOME EQUITY, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court, *sua sponte*, with regard to an issue concerning this Court's jurisdiction. "[E]very federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own Motion." *Things Remembered, Inc. v. Petrarca, Inc.,* 516 U.S. 124, 132 n.1 (Ginsburg, J., concurring). *See also Answers in Genesis of Kentucky, Inc., v. Creation Ministries International, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Additionally, as the Sixth Circuit stated in *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999):

> [A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *See Hagans v. Lavine,* 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L.Ed.

> 2d 577 (1974) (citing numerous Supreme Court cases for the
> proposition that patently frivolous, attenuated, or unsubstantial
> claims divest the district court of jurisdiction, but ultimately
> finding the plaintiff's claims raised under 42 U.S.C. § 1983 and 28
> U.S.C. § 1343(3) formally alleged a deprivation of constitutional
> rights and thus were not insubstantial or wholly frivolous. . . .
> [The] requirement that a plaintiff be given the opportunity to
> amend does not apply to *sua sponte* dismissals for lack of
> jurisdiction pursuant to *Hagans.*

With leave of Court (Docket Nos. 31, 69), the pro se Plaintiff, who is not proceeding in forma pauperis, has filed an Amended Complaint. Docket No. 70. The Amended Complaint identifies Plaintiff as "Osiris Aara I M Hetep Horus Dey, Lawful Man Injured Third Party Intervener/Plaintiff/Libellant EDWARD LEATHERMAN, Stramineus Homo, US Vessel."[1] *Id.*, p. 2. On the second page of the Amended Complaint, before the style of the case, Plaintiff identifies himself as "Authorized Agent/Injured Third Party Intervener For the Trade-name/Trademark "EDWARD LEATHERMAN" with Power of Attorney in fact for KAWANDA SHERRELL . . . A Republic in propria persona Sui Juris Not an Attorney, not Pro Se, Not Re-presenting myself." Docket No. 70, p. 2.

Also on the second page of the Amended Complaint, opposite the style, are the words:

> Within the Admiralty Commercial Notice of Amended Complaint
> for Petition within the Admiralty pursuant to FRCP #3 and #4 for
> the petition for agreement and harmony in the nature of a Notice of

---

[1] "Stramineus Homo" means "straw man." Additionally, the term "vessel," is defined in 1 U.S.C. § 3 as follows:

> The word "vessel" includes every description of water craft or
> other artificial contrivance used, or capable of being used, as a
> means of transportation on water.

Despite this definition, Plaintiff avers, "In this action all parties are U.S. VESSELS and fit the legal definition of a U.S. Vessel <u>IN FACT</u> . . . ." Docket No. 70, p. 10.

2

> International Commercial Claim within the Admiralty
> Administrative Remedy and libel of review and entry of the
> conclusive evidence for settlement and closure of the escrow by
> commercial affidavit/pleading in fact and points in authorities and
> Memorandum of Law.

*Id.*

In the Amended Complaint, Plaintiff refers to himself as "Libellant," and to Defendants as "Libellees." He states that he is proceeding "pursuant to Special Procedures in Admiralty E (8)." *Id.*, p. 3. He further claims that he is proceeding:

> pursuant to 28 U.S.C. § 1333 and/or 28 U.S.C. § 1337, [and] for
> violations 5 U.S.C. § 552, 5 U.S.C. § 552(a). and 12 U.S.C. § 2605
> for lack of full disclosure and clarity via Qualified Written Request
> hereinafter referred to as QWR, Freedom of Information Act
> hereinafter referred to as Freedom of Information Act, and Privacy
> Act requests and inquiries made as a operation of law.

Docket No. 70, p. 4.

In the beginning of the Amended Complaint, Plaintiff states:

> Libellant is petitioning this Honorable Court for a Judicial Review
> of his administrative remedies for Libellees failure to honor his
> request to disclose the Banks and their agents funding source i.e.
> the account number, that gave anything of value and or actual
> money as consideration before Libellee received the promissory
> note from Libellee's own assets that was given and from which
> accounts and date of transaction the Libellees used showing the
> money trail, for the alleged purchase agreement associated with the
> Property commonly known as 628 Cadogan Court Antioch,
> Tennessee [37013] and or anything of value or any consideration
> of Proof of lose or full disclosure provided from Libellee(s), found
> to be committing fraud, racketeering, scienter acts (omitting
> knowledge) in Bad Faith, Fraud, Conspiracy, Undue Enrichment,
> Aiding and Abetting, and Wanton, Irreparable Harm, with Malice
> and Forethought, Conversion, Commercial War, Commercial
> Credit Slander and continuous torts.

*Id.*, p. 4.

In a separate section of the Amended Complaint headed "Jurisdiction," Plaintiff states:

> Subject matter jurisdiction in this matter is hereby brought by Osiris Aara I M Hetep Horus Dey, by way of contract by tacit procuration in this action for violations of 5 U.S.C. § 706, pursuant to 28 U.S.C. § 1333 and/or 28 U.S.C. § 1337 on his Private Administrative Remedies via QWR, FOIA and Privacy Act requests made via his Private Administrative Remedies as a operation of law.

*Id.*, p. 8.

The Jurisdiction section of the Complaint also states that the action of Plaintiff "is perfected pursuant to the unalienable rights to contract in the U.S. Constitution Article I, Section 10, prohibits the impairment of contracts." *Id.* This statement appears to be informational, and not a statement of a claim, as Plaintiff does not aver that any Defendant has violated Article I, Section 10, which prohibits states from passing laws impairing the obligations of contracts.

The Amended Complaint contains a "Statement of Facts" that is just over one page in length. The Statement of Facts, in its entirety, is as follows:

1. Affiant [who is later identified as Plaintiff Dey] is of legal age and competent to testify.

2. Affiant has firsthand knowledge of the facts stated herein.

3. Affiant is the Authorized Representative and with Power of Attorney IN Fact for EDWARD LEATHERMAN and KAWANDA SHERRELL.

4. Affiant is the Agent, Secured Party Creditor to EDWARD LEATHERMAN.

5. Affiant is not the surety for EDWARD LEATHERMAN or KAWANDA SHERRELL.

6. Affiant is the Agent, Secured Party Creditor to EDWARD LEATHERMAN as the security perfection filed with the Tennessee Department of State in the office of the Secretary of State in the form of UCC-1 Financing Statement #310-011413.

7. Affiant can prove that he has a recorded Security Agreement (contract) with

EDWARD LEATHERMAN.

8. Affiant has exhausted his Private Administrative Remedies.

9. Libellants Bill of Sale is formally recorded under Fixture filing instrument #201108170063649 in DCRD giving Public Notice to all parties of interest.

10. Libellants Commercial Notice by affidavit of Assignment of Land Liberties and property Rights is formally under Fixture filing instrument # 201108170063649 in DCRD giving Public Notice to all parties of interest.

11. Libellants Declaration of land Patent is formally recorded under Fixture filing instrument # 201108170063649 in DCRD giving Public Notice to all parties of interest.

12. Libellants Affidavit of Posting and fencing is formally recorded under Fixture filing instrument # 201108170063649 in DCRD giving Public Notice to all parties of interest.

*Id*., p.11-12.

In his "Conclusion," Plaintiff states as follows:

1. Libellant is petitioning this Honorable Court for a Judicial Review of Plaintiff's administrative remedies for Defendants failure to honor his request to disclose the Banks and their agents funding source i.e. the account number, that gave anything of value or actual money as consideration that was given and date of transaction Libellee used showing the money trail for the alleged agreement associated with the Property commonly known as 628 Cadogan Court Antioch, Tennessee [37013] and or proof of claim and or proof of loss for full disclosure of the funding source were not provided by Defendant(s), and after exhausting my administrative remedies they are in dishonor and by tacit procuration found to be committing fraud, racketeering, SCIENTER ACTS (omitting knowledge) in Bad Faith, Fraud, Conspiracy, Undue Enrichment, Aiding and Abetting, and Wanton, Irreparable Harm, with Malice and Forethought, Conversion, Commercial War, Commercial Credit Slander and continuous torts.

2. The Third Party Defendants/ Libellees have proven defendants are in violation of 28 U.S.C. § 1333 and § 1337 along with various other federal laws via QWR , FOIA and Privacy Act and by not providing the funding source to the alleged Purchase Agreement they are receiving unjust enrichment without providing any consideration or anything of value and benefiting by not providing anything of value or consideration before Libellee received the promissory note from Libellee's own assets to the alleged borrower as shown in Libellants Private

5

administrative remedies.

3. That the Injured Third Party Intervener/Libellant is demonstrating to this court that he holds in due course the conclusive evidence perfected in Administrative Law that without a doubt or reservation he is the holder in due course of the CLAIM/AGREEMENT/CONTRACT and holds the BOND pursuant to the Uniform Commercial Code IN FACT and that;

4. The Third Party Defendants/Libellees have failed to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6) IN FACT and that;

5. Failure of this court to enter and execute JUDGMENT BY ESTOPPEL in favor of Injured Third Party Intervener/Libellant is a denial of due process and equal access to justice and creates another injury in the public IN FACT;

6. Affiant's Administrative remedies already have non-response, default and dishonor and a Notary protestation with them and are ripe for judicial review.

*Id.*, p. 28-29.

Plaintiff apparently seeks a judgment in the amount of $125,393,748.96. *Id.*, p. 28, 30.

With all due respect, the Court has no idea what Plaintiff is attempting to allege in his Amended Complaint. In fact, it is unclear whether Plaintiff attempts to assert his own rights or the rights of Kawanda Sherrell. The "Definitions" section of the Amended Complaint states in part:

> The term "Alleged Borrower" means "Kawanda Sherrell" non-living entity, Stramineus homus Commercial Strawman, artificial entity, a trade name/trade mark/U.S. Vessel, legal fiction, Alleged borrower "Kawanda Sherrell."

*Id.*, p. 4.

As the Clerk of this Court previously noted, in a "Denial of Entry of Default":

> It is not clear to the Clerk that Plaintiff is the real party in interest in this matter. Plaintiff states in paragraph 3 on page 7 of his Complaint, that he is the authorized representative of KAWANDA A. SHERRELL. . . . If Plaintiff is pursuing an action for KAWANDA A. SHERRELL then Plaintiff is engaging in the

> unauthorized practice of law. Plaintiff is not an attorney and may not pursue an action on behalf of any person other than himself. The Clerk has reviewed the record in this case and cannot find any documentation showing any direct relationship between Plaintiff and any of the Defendants. Simply put, unless the Plaintiff can show he is pursuing a cause of action on his own behalf and not on behalf of another person, then his filings are of no force or effect.

Docket No. 59, p. 1-2.[2]

Fed. R. Civ. P. 8(a)(1) states in relevant part as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
>> (1) a short and plain statement of the grounds for the court's jurisdiction . . . .

The Amended Complaint contains just over one page of allegations under the heading of "Jurisdiction." Plaintiff has not, however, provided the Court with a basis to exercise subject matter jurisdiction.

Insofar as the Court can determine, this case has absolutely nothing to do with admiralty or this Court's admiralty jurisdiction. The other stated possible ground for this Court to exercise jurisdiction is Plaintiff's claim that the action is one "for violations of 5 U.S.C. § 706, pursuant to 28 U.S.C. § 1333 and/or 28 U.S.C. § 1337 on his Private Administrative Remedies via QWR, FOIA and Privacy Act request made by his Private Administrative Remedies as a operation of law." Docket No. 31-1, p. 8. Section 1333 gives admiralty jurisdiction to the Court. Section 1337 gives jurisdiction to the Court:

---

[2] The referenced document denied the entry of default with regard to Plaintiff's original Complaint. In the Amended Complaint, however, Plaintiff continues to state that he is the "Authorized Representative and with Power of Attorney IN FACT" for KAWANDA SHERRELL. Docket No. 70, p. 10.

>of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies . . . .

As discussed above, this does not appear to be an Admiralty case, nor does it relate to restraints of trade and monopolies.

Section 706 of Title 5 is headed "Scope of review," and provides in relevant part "To the extent necessary to decision and when presented, the reviewing Court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." This section says absolutely nothing about the Court's jurisdiction.

The burden of establishing the existence of jurisdiction rests upon Plaintiff, who has invoked the Court's jurisdiction. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936). Plaintiff has failed to meet his burden.

While Plaintiff cites other federal statutes and claims that Defendants have violated them, he does not offer any facts that explain specifically how any particular Defendant violated any particular statute. His allegations are frivolous.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED for lack of subject matter jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of

service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge